UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROSANN DENHAM,

    Plaintiff,   CASE NO.:

-VS-

BAYVIEW LOAN SERVICING, LLC.
and PHELAN, HALLINAN, DIAMOND &
JONES, PLLC,

    Defendants.
_____/

**COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, ROSANN DENHAM ("Ms. Denham" or "Plaintiff"), alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendants, BAYVIEW LOAN SERVICING, LLC, and PHELAN, HALLINAN, DIAMOND & JONES, PLLC (collectively "Defendants").

**INTRODUCTION**

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of

1

debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Broward County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen and resident of Broward County, Florida.

6. Defendant, Bayview Loan Servicing, LLC ("Bayview") is a debt collection company providing its services throughout the State of Florida, including Broward County, Florida.

7. Defendant Phelan, Hallinan, Diamond & Jones, PLLC ("PHDJ") is a law firm providing debt collection services throughout the State of Florida, including Broward County, Florida.

8. All references to any of the Defendants named herein shall also include any of Defendants' predecessors.

9. Bayview services a debt for which Plaintiff was the debtor, namely the loan on Plaintiff's homestead property (the "Alleged Debt").

10. On or about February 11, 2019, Defendants sent Plaintiff a Pay-Off Response seeking to collect illegal and improper amounts (the "Pay-Off Response"). A true and correct copy of the Pay-Off Response is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

11. In particular, Defendants knowingly seek to collect amounts with respect to the Alleged Debt that are either overstated, overinflated, illegal and/or otherwise not permitted by applicable law and/or the underlying agreement between the parties, including, but not limited to overstated and overinflated late charges.

12. Such illegal and improper amounts also result from Defendants attempting or seeking to collect attorneys' and/or court costs relating to a bankruptcy action that Plaintiff filed.

13. Defendants never attempted to recover their attorneys' fees and costs in the bankruptcy action, and they never filed a motion seeking to recover such fees and costs in the bankruptcy action. As such, Defendants are barred from attempting to collect such attorneys' fees and costs relating to the bankruptcy action from Plaintiff now.

14. All conditions precedents to this action have been fulfilled, waived or performed.

**COUNT I**
**(Ms. Denham vs. Bayview)**
**(Violation of the FDCPA)**

3

15. Mr. Denham incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

16. This is an action against Bayview for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

17. At all times material hereto: (a) Ms. Denham is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Bayview is a 'debt collector' within the meaning of the FDCPA.

18. Bayview knowingly engaged in consumer debt collection activities against Ms. Denham in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

19. The Debt Collection Conduct includes Bayview's demand for payment pursuant to the Pay-Off Response which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive and overstated late charges.

20. The Debt Collection Conduct includes Bayview's demand for payment pursuant to the Pay-Off Response which seeks to collect attorney fees and costs relating to a bankruptcy that Ms. Denham filed.

21. The Debt Collection Conduct includes Bayview's demand for payment pursuant to the Pay-Off Response for its bankruptcy attorneys' fees and costs even though Bayview is barred from seeking to collect same since Bayview never sought to recover said attorneys' fees and costs in the bankruptcy action.

22. Bayview's Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt……*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

23. Bayview's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.*

24. As a result of the Debt Collection Conduct and Bayview's violation of the FDCPA as described herein, Ms. Denham has been injured.

25. Mr. Denham is (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a

reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Ms. Denham, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT II**
**(Ms. Denham vs. Bayview)**
**(Violation of the FCCPA)**

26.     Ms. Denham incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

27.     This is an action against Bayview for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

28.     At all times material hereto: (a) Ms. Denham is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Bayview is a 'person' within the meaning of the FCCPA.

29.     The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Ms. Denham for personal, family or household purposes, namely her homestead.

30. Bayview is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

31. Bayview knowingly engaged in consumer debt collection activities against Ms. Denham in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

32. The Debt Collection Conduct includes Bayview's demand for payment pursuant to the Pay-Off Response which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive and overstated late charges.

33. The Debt Collection Conduct includes Bayview's demand for payment pursuant to the Pay-Off Response which seeks to collect attorney fees and costs relating to a bankruptcy that Ms. Denham filed.

34. The Debt Collection Conduct includes Bayview's demand for payment pursuant to the Pay-Off Response for its bankruptcy attorneys' fees and costs even though Bayview is barred from seeking to collect same since Bayview never sought to recover said attorneys' fees and costs in the bankruptcy action.

35. The Pay-Off Response constitutes "communication" as defined by Florida Statutes, §559.55(5).

36. Bayview's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."*

37. Bayview's business practices and actions were either intentional or grossly negligent.

38. As a result of the Debt Collection Conduct and Bayview's violation of the FCCPA, Ms. Denham has been damaged, and Bayview is liable to Ms. Denham for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

39. Ms. Denham is (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

40. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Ms. Denham, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### COUNT III
### (Ms. Denham vs. PHDJ)
### (Violation of the FDCPA)

41. Ms. Denham incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

42. This is an action against PHDJ for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

43. At all times material hereto: (a) Ms. Denham is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) PHDJ is a 'debt collector' within the meaning of the FDCPA.

44. PHDJ knowingly engaged in consumer debt collection activities against Ms. Denham in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

45. The Debt Collection Conduct includes PHDJ's demand for payment pursuant to the Pay-Off Response which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive and overstated late charges.

46. The Debt Collection Conduct includes PHDJ's demand for payment pursuant to the Pay-Off Response which seeks to collect attorney fees and costs relating to a bankruptcy that Ms. Denham filed.

47. The Debt Collection Conduct includes PHDJ's demand for payment pursuant to the Pay-Off Response for bankruptcy attorneys' fees and costs even though no attempt was ever made to recover said attorneys' fees and costs in the bankruptcy action, and the recovery of said bankruptcy attorneys' fees and costs is now barred by law.

48. PHDJ's Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt……*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

49. PHDJ's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

50. As a result of the Debt Collection Conduct and PHDJ's violation of the FDCPA as described herein, Ms. Denham has been injured.

51. Ms. Denham is (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji +

Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Ms. Denham, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV
### (Ms. Denham vs. PHDJ)
### (Violation of the FCCPA)

52. Ms. Denham incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

53. This is an action against PHDJ for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

54. At all times material hereto: (a) Ms. Denahm is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) PHDJ is a 'person' within the meaning of the FCCPA.

55. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Ms. Denham for personal, family or household purposes, namely her homestead.

56. PHDJ is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

57. PHDJ knowingly engaged in consumer debt collection activities against Ms. Denham in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

58. The Debt Collection Conduct includes PHDJ's demand for payment pursuant to the Pay-Off Response which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive and overstated late charges.

59. The Debt Collection Conduct includes PHDJ's demand for payment pursuant to the Pay-Off Response which seeks to collect attorney fees and costs relating to a bankruptcy that Ms. Denham filed.

60. The Debt Collection Conduct includes PHDJ's demand for payment pursuant to the Pay-Off Response for bankruptcy attorneys' fees and costs even though no attempt was ever made to recover said attorneys' fees and costs in the bankruptcy action, and the recovery of said bankruptcy attorneys' fees and costs is now barred by law.

61. The Pay-Off Response constitutes "communication" as defined by Florida Statutes, §559.55(5).

62. PHDJ's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

63. PHDJ's business practices and actions were either intentional or grossly negligent.

64. As a result of the Debt Collection Conduct and PHDJ's violation of the FCCPA, Ms. Denham has been damaged, and RAS is liable to Ms. Denham for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

65. Ms. Denham is (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

66. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Ms. Denham respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Scott Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com
Counsel for Plaintiff